MICHAEL R. SIMMONDS (SBN 96238)
msimmonds@snllp.com
ARVIN C. LUGAY (SBN 242599)
alugay@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000

Attorneys for defendants
Hunt & Henriques, Janalie A. Henriques,
Michael S. Hunt

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS A. HOROWITZ, | CASE NO.: 11CV0954 DMS NLS |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| vs. | |
| HUNT & HENRIQUES, A CALIFORNIA LAW PARTNERSHIP, JANALIE A. HENRIQUES, MICHAEL S. HUNT, | |
| Defendants. | |

Defendants HUNT & HENRIQUES, JANALIE A. HENRIQUES, and MICHAEL S. HUNT ("Defendants") hereby submits the following Answer to the Complaint filed in this action by plaintiff NICHOLAS A. HOROWITZ ("Plaintiff"):

1. Defendants are informed and believe, and based thereon admit, that Plaintiff is a natural person residing at 252 Sophia Way, Oceanside, California 92057.

2. In answering Paragraph 2 of the Complaint, Defendants respond as follows: Defendant Hunt & Henriques admits that it is a partnership that conducts business in the State of California, and that its principal place of business is located at 151 Bernal Road, Suite 8, San Jose, California 95119. Defendant Michael S. Hunt admits that he is a natural person and is a partner of Hunt & Henriques. Defendant Janalie A. Henriques admits that she is a natural person and is a partner of Hunt & Henriques. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendants deny all allegations therein and deny that Plaintiff is entitled to any relief requested.

4. Defendants aver that no response is presently required of it.

5. Defendants aver that no response is presently required of it.

6. Defendants aver that no response is presently required of it.

7. Defendants aver that no response is presently required of it.

8. Defendants aver that no response is presently required of it.

9. Defendants aver that no response is presently required of it.

10. Defendants aver that no response is presently required of it.

11. Defendants aver that no response is presently required of it.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
## (No Wilful Conduct)

Defendants acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendants are found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
## (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
## (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants.  The liability, if any exists, of all

defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendants should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (Litigation Privilege)

The actions of Defendants complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and claims are therefore barred, in whole or in part, by the California litigation privilege.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Judicial Estoppel)

The causes of action in the Complaint are barred, in whole or in part, by the doctrine of judicial estoppel.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of the Rosenthal Act and FDCPA must be rejected as it would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Not A Debt Collector)**

Defendants do not communicate with consumers in connection with attempts to collect consumer debts and therefore is not a "debt collector" and does not engage in debt collection under federal or state law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Lack Of Standing)**

The purported claims set forth in the Complaint are barred in whole or in part by Plaintiff's lack of standing to pursue the claims set forth in the Complaint.

WHEREFORE, Defendants request judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendants recover from Plaintiff their costs according to proof.

3. That Defendants recover their attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

| | |
|---|---|
| 1  DATED: May 10, 2011 | SIMMONDS & NARITA LLP |
| 2 | MICHAEL R. SIMMONDS |
|   | ARVIN C. LUGAY |

By:  s/Arvin C. Lugay
     Arvin C. Lugay
     Attorneys for defendants
     Hunt & Henriques, Janalie A.
     Henriques, Michael S. Hunt